## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VEOLIA WATER SOLUTIONS & TECHNOLOGIES NORTH AMERICA, INC., | ) ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | |
| v. | ) ) ) | Civil Action Number 10-484 |
| AQUATECH INTERNATIONAL CORPORATION and DEBASISH MUKHOPADHYAY, | ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

## OPINION

**CONTI, Chief District Judge**

   This patent infringement lawsuit was initiated by the accused infringer, Veolia

Water Solutions & Technologies North American, Inc. ("Veolia"). The two patents at issue are

owned by Debasish Mukhopadhyay ("Mukhopadhyay"), exclusively licensed to Aquatech

International Corporation ("Aquatech International," and together with Mukhopadhyay,

"Aquatech"), and identified in these proceedings as the '255 Patent and the '456 Patent. The

patents relate to reverse osmosis water purification technology. Veolia's complaint also asserts

state law tort claims against Aquatech based upon a letter that Aquatech International sent to one

of Veolia's potential customers.

This court issued an opinion on August 13, 2015, that denied two motions for summary judgment filed by Aquatech and denied, in part, and granted, in part, one motion for summary judgment filed by Veolia. (ECF Nos. 307, 308.) The court held that the only issue on which judgment as a matter of law could be entered was that the water treatment system installed by Veolia at the Kennecott location could not infringe any asserted claim of the '255 Patent. (ECF No. 307 at 42.) The court assumes that the reader of the instant opinion is familiar with the court's August 13, 2015 summary judgment opinion. On the same day that the summary judgment opinion was entered, the court scheduled a conference for August 19, 2015 in order to set pretrial deadlines and schedule trial.

At that conference, counsel for both Veolia and Aquatech notified the court that they intended to file motions to reconsider the August 13, 2015 summary judgment opinion, which would preclude further scheduling of this case. (8/19/2015 Minute Entry.) The court, upon consulting with the parties, set a deadline of August 28, 2015 for the submission of any such motions, which deadline was later extended at the joint request of the parties to September 8, 2015. (ECF Nos. 311-13.) Thereafter both Veolia (ECF No. 315) and Aquatech (ECF No. 318) filed motions to reconsider. After the motions were filed, and during a September 11, 2015 status conference in a related case pending before this court at civil action number 13-911, the court scheduled jury selection and trial in this matter for February 8, 2016. (ECF No. 323.) The court allotted approximately one month for the trial, and set various pretrial deadlines, the first of which is scheduled to occur on December 4, 2015.

For the reasons set forth below, both motions for reconsideration must be denied.

## I. Legal Standards Applicable to Motions for Reconsideration

The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F.App'x 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003). There are three circumstances in which a court may grant a motion for reconsideration: (1) there has been an intervening change in the law; (2) new evidence is now available that was not available when the court entered judgment; or (3) there is a need to correct a clear error of law or fact, or to prevent manifest injustice. FED. R. CIV. P. 59(e); Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted. Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992).

Motions for reconsideration are not designed to provide litigants with a "second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). A motion for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). A motion for

reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case and advance new, often contradictory, evidence in support. Bell v. City of Phila., 275 F.App'x 157, 160 (3d Cir. 2008); Spence v. City of Phila., 147 F.App'x 289, 291-92 (3d Cir. 2005); Bhatnagar, 52 F.3d at 1231; Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir. 1987); Miller v. Court of Common Pleas of Erie Cnty., No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. Jan. 10, 2014).

## II. Veolia's Motion for Reconsideration

Veolia contends that the court should reconsider the rulings made in the August 13, 2015 summary judgment opinion concerning its motion for summary judgment of noninfringement because the court belatedly altered the claim construction previously assigned to the phrase "alkalinity associated with hardness," and adopted a new construction that is "[in]consistent with Federal Circuit law regarding claim construction." (ECF No. 312 at 2.) According to Veolia, the court should apply its "original construction" of the phrase, under which Veolia's accused water treatment systems could not infringe either asserted patent as a matter of law. (Id.) Veolia argues, in the alternative, that if the court insists on using the new construction of "alkalinity associated with hardness," then Veolia should be permitted to engage in additional discovery and file another motion for summary judgment of noninfringement and a motion for summary judgment of invalidity, because it "rel[ied] on the Court's prior construction" during discovery. (Id. at 2-3.)

## A. Violation of This Court's Orders and Procedures

On the same day that the court issued the August 13, 2015 summary judgment opinion, a text order was entered on the docket setting forth explicit instructions for the parties to follow when making future filings with the court. (ECF No. 309.) The order was necessitated by repeated defects in the filings made by both parties in connection with Daubert and summary judgment motions, especially items that the parties wished to file under seal (e.g., 7/9/2014 and 4/29/2015 Remarks.) Pursuant to the text order, courtesy copies were to be "appropriately tabbed and promptly delivered to chambers with a cover letter clearly identifying if the filing was also made under seal, and, if so, indicating the ECF number of the sealed version of the document." (ECF No. 309; see also ECF No. 235.) The parties were admonished that failure to follow these procedures would result in the document being stricken and the relief requested being denied. (Id.)

Despite this directive, a courtesy copy of Veolia's motion for reconsideration was not properly submitted to the court. The exhibits were not tabbed. Even though Veolia filed a motion for leave to file documents under seal on September 8, 2015, the September 9, 2015 cover letter does not indicate that the brief[1] and appendix filed in conjunction with the motion for reconsideration would be filed under seal. (ECF No. 314.) The court granted Veolia leave to file these documents under seal on September 9, 2015, and those items were docketed the following day. The cover letter does not list the ECF number of either the public, or the sealed, versions of these documents. According to the court's August 13, 2015 text order, these documents are to be stricken, and the motion for reconsideration denied on this basis alone.

---

[1] The court notes that Veolia's brief also violated paragraph 3F(d) of this court's pretrial procedures for civil cases by exceeding the allotted page limits.

The court did not enter the August 13, 2015 text order in order to impose artificial requirements on the parties or to gratuitously complicate the parties' duties. Instead, as reflected in the July 9, 2014 and April 29, 2015 remarks on the docket, the order became necessary when the court, despite expending hours on the task, could not assemble complete sets of materials related to the parties' motions. By way of example only, the parties were sending documents to chambers, but not filing copies on the docket. (ECF No. 307 at 2 n.2.) Courtesy copies were not being provided with the CM/ECF header visible, making the materials virtually worthless for the court's purpose of issuing an opinion that contains clear citation to the record. Multiple copies of the exact same document were being filed under seal, with no way to determine that the document was a duplicate from the face of the docket. Under the circumstances, the court found it necessary to remind the parties of their obligation to present materials to this court, any appellate court, and the public in a complete, cogent, and usable format, and eventually, to impose the specter of sanctions for failing to do so going forward. The warnings were not heeded.

The court recognizes that the violation of the procedures set forth by the court could be characterized as nominal in this instance because determining that the brief and appendix filed in support of Veolia's motion for reconsideration were filed under seal (ECF No. 320), and at which docket numbers (ECF Nos. 321-22), is not an insurmountable task. That, however, is not the point. The court set forth these procedures to ensure that when the volume of pretrial filings increased, the court would not, again, be compelled to expend its judicial resources on what proved repeatedly to be the time-consuming ministerial task of assembling a complete set of materials before moving to the merits of a motion.

Veolia violated the court's directives, and its motion for reconsideration will be denied on that basis. Veolia would ordinarily be permitted to seek leave to refile the motion employing the proper procedures. In order to facilitate the interest of expediting this case for its scheduled trial date, the court will nevertheless address the merits of Veolia's motion below, which demonstrates that the ultimate result would be the same in any event. There, however, should be no doubt that violation of the court's directives as trial approaches will be accompanied by adverse consequences. Counsel is, as always, invited to contact chambers should there be any uncertainty with respect to how to proceed in this matter. The court is not setting a trap for the unwary; the court is holding the parties to their obligation to properly file and serve their documents and to create a comprehensible record.

**B. Consideration of the Merits of Veolia's Motion**

    **1. "alkalinity associated with hardness"**

Veolia devotes the bulk of its brief in support of the motion for reconsideration to various objections to the court's examination of the claim phrase "alkalinity associated with hardness" in the August 13, 2015 summary judgment opinion. In short, Veolia contends that the definition originally assigned to the term in the court's August 20, 2012 claim construction opinion (ECF No. 127) is correct, and the "new construction" given to the term in the August 13, 2015 summary judgment opinion (ECF No. 307) is incorrect. (ECF No. 321 at 3-14.)

The August 13, 2015 summary judgment opinion indeed includes a discussion of the claim phrase "alkalinity associated with hardness." (ECF No. 307 at 28-33.) In that opinion, the court reviewed the positions taken by the parties with respect to this phrase during claim construction and summarized the court's claim construction ruling, which a) found that "associated with" is not synonymous with "bound with" (as Veolia argued), b) adopted the

parties' stipulation that the "associated" alkalinity and hardness had to be "in solution" with each other for purposes of the technology at issue in this case, and c) deferred until later in the litigation a decision about whether the phrase applied to alkalinity that was in solution with hardness "at any time during the wastewater treatment process" (as Veolia argued). (ECF No. 307 at 28; ECF No. 127 at 17-19.) In other words, the claim construction opinion construed the claim phrase "alkalinity associated with hardness" to mean "alkalinity in solution with hardness" and deferred ruling on the other dispute presented by the parties with respect to this claim phrase, i.e., when and how "alkalinity in solution with hardness" should be measured. (ECF No. 127 at 16-19; ECF No. 307 at 28, 31-32.)

In the summary judgment opinion, the court explicitly found that the court's claim construction opinion was not determinative of the infringement issue presented by Veolia at summary judgment. (ECF No. 307 at 28-29, 31-32.) Importantly, the court noted the absence of evidence in the summary judgment record in support of Veolia's infringement theory, and assigned weight to Aquatech's infringement position, which was supported by expert testimony and had been maintained consistently since claim construction.[2] (Id.) Based upon that evidentiary record, the court decided to adopt Aquatech's position that "alkalinity associated

_____

[2] As noted in the August 13, 2015 summary judgment opinion, when Aquatech made the argument in its responsive claim construction brief that "the lesser of the two numbers (where one is the hardness and the other is the alkalinity) always quantifies the … alkalinity associated with hardness," Veolia did not respond to the argument in its reply claim construction brief. (ECF No. 307 at 30.) This quantitative approach was adopted by the court in the summary judgment opinion. In addition to declining the opportunity to oppose Aquatech's position at claim construction, Veolia did not counter Aquatech's position at the summary judgment stage. Having declined the opportunity to oppose Aquatech's proffered approach at claim construction, and at summary judgment, Veolia attempts to squarely counter the approach now. Instead of using the motion for reconsideration as a second bite at the apple, Veolia attempts to use it as a first bite, after twice declining the opportunity to address the issue. Veolia's use of a motion for reconsideration in this manner is not proper.

with hardness" is the smaller of the alkalinity measurement or the hardness measurement in a given sample. (ECF No. 307 at 32.)

In this context, Veolia's assertion that this court changed the claim construction previously given to the phrase "alkalinity associated with hardness" is contradicted by the record. The August 13, 2015 summary judgment opinion instead supplemented the court's prior claim construction by assigning the quantitative meaning to the phrase that the court explicitly stated it was not including in the definition of "alkalinity associated with hardness" at the claim construction stage of the case. (ECF No. 307 at 28, 31-32.) In any event, Veolia recognizes that it is not improper for a district court to modify the construction of a claim term during the course of litigation. (ECF No. 321 at 2 (citing Papst Licensing GmbH & Co. KG v. Fujifilm Corp., 778 F.3d 1255, 1261 (Fed. Cir. 2015).)

Veolia argues, nevertheless, that the court's summary judgment ruling included a revised claim construction of "alkalinity associated with hardness," which was based upon "a misunderstanding of the meaning of the term 'in solution' as applied in the context of the invention disclosed in the '255 Patent." (ECF No. 321 at 4.) Veolia clarifies for the court that "in solution" refers to the solubility of certain chemical compounds and represents the maximum amounts of alkalinity and hardness in a particular solution before the elements will "come out of solution" and form a compound. (ECF No. 321 at 5.) Veolia did not make this argument during claim construction. Veolia did not make this argument during summary judgment. During claim construction proceedings, Veolia asserted that the claim phrase "alkalinity associated with hardness" referred to the alkalinity ions that had been disassociated from hardness ions during the weak acid cation exchange and were later eliminated during the acid injection process. (ECF No. 101 at 27; ECF No. 125 at 53-59, 134-35, 139.) At summary judgment, Veolia contended

that "alkalinity associated with hardness" was the amount of alkalinity measured by Aquatech's expert (Goodloe) in a particular solution sample, without regard to what other particles may be present. (ECF No. 307 at 28 (citing ECF No. 243 at 7-9, 11-12, 14-15).) Veolia now contends that the phrase is actually about solubility and the point at which ions will essentially oversaturate and "come out of solution." Veolia does not cite to any prior brief or transcript in which it previously made this argument about the claim phrase "alkalinity associated with hardness." The court, upon independent review and recollection, could find none. The purpose of a motion for reconsideration is not to change course after having received an adverse ruling on previous arguments. Bell, 275 F. App'x at 160; Spence, 147 F.App'x at 291-92; Bhatnagar, 52 F.3d at 1231; Trenton, 832 F.2d at 810; Miller, 2014 WL 108585, at *2. Veolia's motion for reconsideration is not viable for these reasons.

Even if the court set aside these dispositive legal flaws in Veolia's motion, and considered the specific arguments advanced by Veolia in support of its motion for reconsideration, none of those arguments establish that the court committed a clear error of law in the August 13, 2015 summary judgment opinion.

Veolia's First Argument: The method of measuring the amount of "alkalinity associated with hardness" set forth in the summary judgment opinion does not contradict the specification, as Veolia contends. (ECF No. 321 at 8-9.) The specification discusses various embodiments, making Veolia's citation to certain passages of the specification not particularly probative of the point it attempts to make. Aquatech explained this concept in its claim construction brief. (ECF No. 103 at 28.) This argument, therefore, does not denote a clear error of law.

Veolia's Second Argument: The court finds no basis to disregard Goodloe's opinion on the ground that it is conclusory, as Veolia argues. (ECF 321 at 9.) First, this argument should be made at the <u>Daubert</u> stage of the case, not on a motion for reconsideration. (ECF No. 205 (Veolia's motion challenging the expert opinion of Goodloe).) Second, during the summary judgment proceedings, Veolia agreed that Goodloe's water chemistry studies were critical to determining infringement as a matter of law. (ECF No. 307 at 27, 29 & n.6.) Now, after having lost on infringement at summary judgment, Veolia characterizes Goodloe's opinions as conclusory and worthy of no weight. That characterization is not an appropriate position to advance on a motion for reconsideration. Finally, Goodloe's opinions survived challenge at the <u>Daubert</u> stage of these proceedings and are properly considered by this court. (ECF No. 250 at 27-30.) The court's consideration of Goodloe's opinions in deciding Veolia's summary judgment motion does not signify a clear error of law.

Veolia's Third Argument: The method of measuring the amount of "alkalinity associated with hardness" set forth in the summary judgment opinion does not render claim 98(b) redundant, as Veolia contends. (ECF No. 321 at 10-12.) The court addressed this precise issue in the August 13, 2015 summary judgment opinion. (ECF No. 307 at 31-32.) Veolia's citation to two sentences from a June 2013 deposition of Mukhopadhyay and two paragraphs from a declaration and a water chemistry chart submitted by Goodloe does not meet the high standard applicable to a motion for reconsideration.[3] Veolia's disagreement with the court's conclusion and its desire for the court to "rethink it" are not grounds for reconsideration. <u>Williams</u>, 32 F.Supp.2d at 2380; Reich, 834 F.Supp. at 755; <u>Keyes</u>, 766 F.Supp. at 280.

---

[3] Notably, Veolia relies upon the same paragraph of Goodloe's declaration in its motion for reconsideration that it relied upon in the reply brief it filed in support of its motion for summary judgment of noninfringement, confirming that Veolia is doing no more than rehashing the same issues. (ECF No. 321 at 11; ECF No. 263 at 12.)

Even if the court considered this evidence, reconsideration would still not be warranted. The deposition reflects that Mukhopadhyay limited his answers to certain embodiments, and offered further explanations in connection with his answers. Veolia did not provide the surrounding pages of the deposition to the court for consideration, however. The deposition cannot, therefore, support Veolia's assertion that this court committed an error of law. Goodloe's submissions, which are again heavily excerpted and presented without context, do not indicate on their face that claim 98(b) is rendered redundant by this court's summary judgment ruling.

The court addressed, and rejected, the argument in the summary judgment opinion that claim 98(b) was rendered superfluous. The evidence relied upon by Veolia in support of its motion for reconsideration does not compel the court to conclude that a clear error of law was committed by reaching that conclusion. The alleged redundancy of claim 98(b) does not represent an error of law.

Veolia's Fourth Argument: A clear error of law was not committed because claim 98(b) is allegedly anticipated by Tao based upon how the amount of "alkalinity associated with hardness" was determined in the August 13, 2015 summary judgment opinion, as Veolia argues. (ECF No. 321 at 12-14.) As an initial matter, Tao has, from the beginning of this case, been proffered as a, if not the, key piece of invalidating prior art. Under the circumstances, Veolia's contention that it could not have known that the approach to measuring "alkalinity associated with hardness" advanced by Aquatech since claim construction and through expert discovery, motions practice, and during summary judgment would cause Tao to anticipate the '255 Patent is perplexing. This contention would appear to be an invalidity argument that Veolia could have, and should have, made, even if in the alternative, much earlier in this case. That issue, however,

is not pertinent to the instant motion for reconsideration. Veolia's belief that it has gained yet another invalidity argument as a result of this court's summary judgment ruling does not render the court's opinion legally erroneous.

For each of the foregoing reasons, Veolia's motion for reconsideration must be denied.

### 2. __Additional Expert and Summary Judgment Proceedings__

Veolia argues, in the alternative, that if the court refuses to grant its motion for reconsideration, then Veolia should be granted leave to file another motion for summary judgment, and a related expert report. (ECF No. 321 at 14-18.) As an initial matter, the bulk of Veolia's argument in support of obtaining relief is found on pages of its brief that must be excised because Veolia exceeded this court's page limit of fifteen pages. See supra n.2. Setting this issue aside, and considering the merits of Veolia's arguments, the court concludes that Veolia is not entitled to the relief it requests.

The court addressed Veolia's first contention, i.e., the purported lack of a factual dispute with respect to infringement based upon the meaning of the term "minimizing," in the August 13, 2015 summary judgment opinion. (ECF No. 307 at 33-35.) Even if Veolia was correct that the court announced a "new" claim construction of "alkalinity associated with hardness" in the summary judgment opinion, that construction would not affect the court's analyses of the term "minimizing" in the summary judgment opinion. This issue was addressed in the summary judgment opinion and there is no reason for this court to permit Veolia to file a serial summary judgment motion to assert this argument again. The court previously ruled upon this issue, and nothing about the August 13, 2015 opinion changes the result.

The court addressed Veolia's second contention, i.e., the Tao patent anticipates the asserted claims of the '255 Patent under the court's purportedly "new" construction of "alkalinity associated with hardness," earlier in this opinion. Veolia still fails to explain why it could not have anticipated and prepared an invalidity argument that flowed directly from Aquatech's position about how "alkalinity associated with hardness" should be quantified, even if in the alternative. As this court noted several times, Aquatech consistently maintained its position on this issue since the claim construction proceedings. Under the circumstances, allowing Veolia to file a summary judgment motion on invalidity now is unwarranted. In any event, the court is armed with vehicles other than summary judgment to decide issues as a matter of law prior to, during, or after trial should it become apparent that there are no disputes of material fact about an issue. Based upon the court's experience in deciding the previously-filed motions for summary judgment, however, the court is not convinced that it will be necessary to use those tools. They are, nevertheless, available. To the extent that Veolia contends that it must secure an additional expert opinion about this allegedly new invalidity argument, Veolia stated its intention to pursue that exact expert opinion in the related case pending before this court at civil action number 13-911. Veolia has, therefore, effectively obtained this requested relief.

The third contention advanced by Veolia, i.e., the court's "new" claim construction of the claim phrase "alkalinity associated with hardness" renders claim 98 indefinite, is not timely raised. In response to Aquatech's position that "alkalinity associated with hardness" should be measured in the manner ultimately adopted by the court in the August 13, 2015 summary judgment opinion, Veolia did not assert (during claim construction or summary judgment) that claim 98 would be rendered indefinite if Aquatech's position were adopted. Notably, Veolia advanced precisely this kind of argument at the claim construction

stage of this case by contending that Aquatech's proposed constructions of "minimizing" and "substantially all" would render the relevant claims indefinite. (ECF No. 101 at 32-33.) In this context, Veolia's insistence that a summary judgment motion on the issue must be allowed now, likely delaying trial in this case which is more than five years old, is not convincing. Veolia could have made the indefiniteness argument it seeks to make now at claim construction, or even at summary judgment, but elected not to do so. (ECF Nos. 101, 116, 243.)

Veolia is not entitled to the alternative relief that it requests in the motion for reconsideration. For this reason, this aspect of Veolia's motion for reconsideration must be denied.

### III. <u>Aquatech's Motion for Reconsideration</u>

Aquatech contends that the court should reconsider its August 13, 2015 summary judgment opinion because the "record does not reveal clear and convincing evidence that [] Aquatech [] lacked a reasonable basis to believe that Veolia's OPUS process infringed '255 Patent" and "therefore that Aquatech's conduct was taken in bad faith." (ECF No. 319 at 9.) According to Aquatech, reconsideration is required because this court adopted its approach to determining "alkalinity associated with hardness" when ruling on Veolia's motion for summary judgment of noninfringement, making the record undisputed that Veolia's OPUS systems infringe the '255 Patent. (<u>Id.</u> at 2-3.) Veolia argues in response that Aquatech fails to identify any valid grounds for reconsideration and, instead, invites this court to improperly weigh the same evidence that was previously considered by the court at summary judgment. (ECF No. 324 at 2-3.)

Aquatech's motion for reconsideration consists essentially of a contention that the court reached the wrong decision in the August 13, 2015 summary judgment opinion and criticism of Veolia's failure to meet its burden of proof. These are not appropriate grounds for reconsideration.

First, to the extent Aquatech rehashes arguments already made during the summary judgment proceedings or argues that the court should rethink its decision, the motion for reconsideration it is legally improper. <u>Williams</u>, 32 F.Supp.2d at 2380; Reich, 834 F.Supp. at 755; <u>Keyes</u>, 766 F.Supp. at 280.

Second, to the extent Aquatech faults Veolia for failing to present clear and convincing evidence in support of its state law tort claims, the motion for reconsideration misapprehends the state of the record and the procedural posture in which the court issued its summary judgment ruling. Aquatech moved for summary judgment on Veolia's state law tort claims. Veolia did not move for judgment as a matter of law on these claims. In response to Aquatech's summary judgment motion, Veolia identified evidence sufficient to allow a reasonable jury to rule in its favor on these claims, which was its only duty in opposition to Aquatech's motion for summary judgment. In reply, Aquatech failed to respond to, or counter, the evidence identified by Veolia. It was on this basis that the court denied Aquatech's motion for judgment as a matter of law on Veolia's state law tort claims. (ECF No. 307 at 8-10.) Aquatech, on reconsideration, cannot undo this procedural history, or the summary judgment ruling that resulted from it.

Even if the court were to consider the merits of Aquatech's motion, Aquatech would not be entitled to relief. Aquatech's foundational argument that the letter Aquatech sent in 2009 could not have been objectively baseless because this court adopted its approach to determining the amount of "alkalinity associated with hardness" in the August 2015 summary judgment opinion misses the mark. (ECF No. 319 at 2.) The court did not decide any infringement issue as a matter of law in the summary judgment opinion based upon the "alkalinity associated with hardness" claim limitation. Aquatech fails to explain how the ruling that the court did make about the claim phrase "alkalinity associated with hardness" forecloses a jury finding of objective baselessness under these circumstances. The court finds that it cannot. Aquatech's citation to several paragraphs from the combined concise statement of material facts is similarly ineffectual in the context of a motion for reconsideration. (ECF No. 319 at 3.) These facts were before the court at the summary judgment stage of these proceedings, and should have been drawn to the court's attention then, not on reconsideration. In any event, the cited facts do not compel entry of judgment as a matter of law in Aquatech's favor on Veolia's state law tort claims.

For the foregoing reasons, Aquatech's motion for reconsideration must be denied.

## IV. **Conclusion**

The motions for reconsideration filed by both Veolia and Aquatech fail to identify clear errors of law or fact, or any other justification for this court to alter the conclusions reached in the August 13, 2015 summary judgment opinion. Disagreement with the court's rulings is not a basis for relief. Neither the reassertion of the same arguments, nor the creation of new arguments that could have been asserted at the time the court decided the motion for summary judgment, is a basis for relief. Both motions are without merit, and must be denied.

An appropriate order will be entered contemporaneously with this opinion.

Dated: November 10, 2015                    BY THE COURT:

*/s/ Joy Flowers Conti*
Joy Flowers Conti
Chief District Judge